BONINE v. BLISS.

(Court of Appeals of District of Columbia. Submitted May 14, 1919. Decided June 2, 1919.)

No. 1226, Patent Appeals.

1. PATENTS ⬿113(6)—REVIEW—PATENT OFFICE FINDINGS.

The concurrent finding of Patent Office tribunals that one party was the first to conceive and reduce an invention to practice will not be disturbed, except for palpable error.

2. PATENTS ⬿90(5)—"REDUCTION TO PRACTICE"—FILING OF APPLICATION.

Filing an allowable application for patent constitutes a reduction to practice.

3. PATENTS ⬿113(6)—ALLOWANCE OF APPLICATION—REVIEW BY COURTS.

Whether a patent application is allowable, and is one on which the issuance of a patent can be predicated, is primarily for the Patent Office experts, and will not be inquired into upon appeal, except for manifest error.

Appeal from the Commissioner of Patents.

Interference proceeding in the Patent Office between William L. Bliss and Charles E. Bonine. From a decision by the Commissioner of Patents in favor of Bliss, Bonine appeals. Affirmed.

C. L. Sturtevant and E. G. Mason, both of Washington, D. C., and Henry N. Paul, Jr., and Joseph C. Fraley, both of Philadelphia, Pa., for appellant.

Raymond H. Van Nest and Ralph Munden, both of Niagara Falls, N. Y., for appellee.

VAN ORSDEL, Associate Justice. This interference involves an invention relating to an electric lighting and engine starting system described in the single count of the issue as follows:

"The combination of an engine, an electric machine connected thereto, a secondary battery, an automatic switch for controlling the charge of the battery by the electric machine, and a switch for cutting out the automatic switch and connecting the battery to the electric machine, whereby the same may be operated as a motor for starting the engine."

Bonine filed his application July 7, 1911, on which a patent was granted April 16, 1912. Bliss filed his application June 25, 1910.

[1] The tribunals of the Patent Office unanimously found on the issue of fact that Bliss was the first to conceive and reduce the invention to practice. The rule that we will not disturb such a finding, except for palpable error, applies with exceptional force to this case. No other reasonable conclusion could have been reached from the evidence.

[2] The further contention that the application of Bliss did not amount to a constructive reduction to practice is without merit. It is settled by repeated decisions of the courts that the filing of an allowable application constitutes a reduction to practice. Porter v. Louden, 7 App. D. C. 64, 72; Davis v. Garrett, 28 App. D. C. 9; Telephone Cases, 126 U. S. 2, 535, 8 Sup. Ct. 778, 31 L. Ed. 863.

[3] The question of whether or not an application is allowable, and

⬿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

one upon which the issuance of a patent can be predicated, is primarily for the experts of the Patent Office, and will not be inquired into in this sort of a proceeding except for manifest error. "The rule of the Patent Office that the filing of an allowable application is constructive reduction to practice is only the expression in another form of the rule that the application of a patented invention, if it sufficiently describes the invention, is conclusive evidence that the invention was made at least as early as that date." Automatic Weighing Mach. Co. v. Pneumatic Scale Corp., 166 Fed. 288, 92 C. C. A. 206.

The decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings as by law required.

Affirmed.